IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELENA SAMMONS and MICHAEL SAMMONS,<br><br>Plaintiffs,<br><br>vs.<br><br>COR CLEARING, LLC, CEDE & CO., and THE DEPOSITORY TRUST COMPANY,<br><br>Defendants. | 8:14CV136<br><br>ORDER |

This matter is before the court on the defendants' Emergency Joint Motion For Extension or, in the alternative, Emergency Motion to Stay (Filing No. 18). The defendants filed a brief (Filing No. 19) in support of the motion. The plaintiff, Michael Sammons (Mr. Sammons), filed a brief (Filing No. 20) in response.

## BACKGROUND

This case involves the defendants' alleged failure to timely express the plaintiffs' intention to perfect the plaintiffs' dissenters' rights to a "cash-out reverse split" of shares, which the plaintiffs beneficially owned, effectuated by China Energy Corporation (CEC). **See** Filing No. 1 - Complaint. Generally, the plaintiffs seek two declaratory judgments against the defendants: 1) "[T]he Defendants failed to properly assert dissenter's rights as required by NRS 92A.300-500 on behalf of the Plaintiffs, and as a result the Plaintiffs lost their right to judicial appraisal of their 650,000 shares of CEC." and 2) "[T]he Plaintiffs were the intended third-party beneficiaries to the agreement or contract between the DTC and COR . . . ." ***Id.***

The plaintiffs filed their complaint on April 28, 2014. ***Id.*** After obtaining extensions to file responsive pleadings to the plaintiffs' Complaint,[1] COR Clearing, LLC's (COR) responsive pleading is due June 20, 2014, and Cede & Co.'s (Cede) and The Depository Trust Company's (DTC) responsive pleading is due June 26, 2014. **See** Filing Nos. 10 and 15. Shortly after filing the complaint, the plaintiff, Mr. Sammons, filed

---
[1] The plaintiff, Mr. Sammons, objects to these extensions. **See** Filing Nos. 11 and 16.

two motions for partial summary judgment. **See** Filing Nos. 6 and 8.[2] COR's and Cede's responses to the motions for partial summary judgment are due prior to any responsive pleading to the plaintiffs' Complaint. Previously, the plaintiffs filed a Third-Party Complaint against the defendants in the United States District Court for the District of Nevada. **See** Filing No. 19 - Brief.[3]

The defendants filed the instant motion on May 22, 2014. **See** Filing No. 18 - Motion. The defendants request an extension of time to respond to Mr. Sammons' partial summary judgment motions or, in the alternative, stay briefing on the motions until the court has the opportunity to render a decision on the defendants' forthcoming motions to dismiss. *Id.* First, the defendants argue Mr. Sammons' motions are premature as the motions are made pre-responsive pleading and pre-discovery. **See** Filing No. 19 - Brief. The defendants contend requiring a response would be fundamentally unfair and a waste of judicial resources as well as significant and unnecessary burden of time and expense on the defendants. *Id.* Second, the defendants argue they will file a motion to dismiss, based, in part, on the first-filed rule, which has merit because the plaintiffs are asserting nearly identical claims against the defendants in the Nevada case. *Id.* The defendants assert it would be a waste of judicial resources and time and expense to require the defendants to substantively oppose the Mr. Sammons' motions before the court determines whether to hear this action, which was filed in complete derogation of the first-filed rule. *Id.*

In response, Mr. Sammons agrees the Complaint in this case is "virtually identical to a Third-Party Complaint filed four months ago in Nevada." **See** Filing No. 20 - Response. However, Mr. Sammons argues the Third-Party Complaint in Nevada will likely be dismissed for lack of jurisdiction. *Id.* Such dismissal, Mr. Sammons contends, will render the first-filed rule inapplicable. *Id.* Mr. Sammons argues there are no disputed facts in this case and the briefing on his motions should proceed. *Id.*

---

[2] The plaintiff, Elena Sammons, has not filed a motion for partial summary judgment against any defendants. Additionally, Mr. Sammons has not filed a motion for partial summary judgment against DTC.
[3] ***China Energy Corporation v. Alan T. Hill, et al.***, 3:13CV562, (D. Nev.).

## ANALYSIS

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." ***Landis v. North Am. Co.***, 299 U.S. 248, 254 (1936); see ***Kreditverein der Bank Austria Creditanstalt fur Niederosterreich und Bergenland v. Nejezchleba***, 477 F.3d 942, 945 (8th Cir. 2007) (recognizing a district court's inherent power to stay an action). Similarly, it is a "settled proposition that a court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." ***Farouki v. Petra Int'l Banking, Corp.***, 683 F. Supp. 2d 23, 26 (D. D.C. 2010) (citations and quotations omitted). In determining whether staying a case is appropriate, the court will consider factors such as the economy of judicial resources and balancing the potential prejudice, hardship, and inequity to the parties. **See *Benge v. Eli Lilly & Co.***, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008); see also ***Nken v. Holder***, 556 U.S. 418, 434 (2009) (noting the court may consider the public interest and the parties' likelihood of success on the case's merits). "The party requesting a stay bears the burden of showing that the circumstances justify [a stay]." ***Nken***, 556 U.S. at 433-34.

A stay of the deadlines for the defendants to respond to Mr. Sammons' motions is justified in this matter. At this time, proceeding with the briefing schedule would potentially waste the parties' and court's resources and time. The period of stay will likely be short compared with the burden of responding to potentially unnecessary motions. The court has considered all relevant factors and finds the balance weighs in favor of a stay because a stay would best serve the interests of all parties and the court.[4] Upon consideration,

**IT IS ORDERED**:

The defendants' Emergency Joint Motion For Extension or, in the alternative, Emergency Motion to Stay (Filing No. 18) is granted as follows:

---

[4] The court is not impressed with the "emergency" nature of the defendants' motion considering the motions for partial summary judgment were filed on May 3 and 7, 2014.

1. The deadlines for the defendants to respond to Mr. Sammons' Motions for Partial Summary Judgment (Filing Nos. 6 and 8) are stayed pending a ruling on the defendants' motion to dismiss in the United States District Court for the District of Nevada, ***China Energy Corporation v. Alan T. Hill, et al.***, 3:13CV562, (D. Nev.), or upon further order of this court.

2. The defendants shall file their motions to dismiss in this case within ten (10) business days of this Order.

Dated this 23rd day of May, 2014.

                                      BY THE COURT:

                                      s/ Thomas D. Thalken
                                      United States Magistrate Judge