IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELENA SAMMONS and MICHAEL SAMMONS,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>COR CLEARING, CEDE & CO., and THE DEPOSITORY TRUST COMPANY,<br><br>　　　　　　　Defendants. | **8:14CV136**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the plaintiffs' motions for partial summary judgment, Filing No. 6 & Filing No. 8; defendant COR Clearing's (COR's) motion to dismiss, Filing No. 24; and defendants Cede & Co.'s and The Depository Trust Company's (collectively "the DTC defendants") motion to dismiss, Filing No. 27.[1]  This is a pro se action for declaratory relief in connection with assertion of dissenters' rights with respect to securities.  The plaintiffs allege breach of contract, breach of fiduciary duty, and negligence claims against the defendants related to an alleged failure to properly process their dissent to a stock split involving China Energy Corp. ("CEC").

Defendant COR moves to dismiss under the "first-filed rule" and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  It asserts that a case involving the same parties and issues is presently pending in the United states District Court for the District of Nevada, *China Energy Corp. v. Hill et al.*, No. 3:13-cv-00562 ("*CEC v. Hill*" or "the Nevada Action").  It also asserts that the court lacks subject matter jurisdiction because the plaintiffs' claims are conditioned on the outcome of the Nevada action and

---

[1] In an earlier order, the court granted the defendants' motion to stay briefing on the plaintiffs' motions for partial summary judgment pending a ruling on the defendants' motions to dismiss in the Nevada action.  Filing No. 6 & Filing No. 8.  In light of the court's disposition, the summary judgment motions will be denied ad moot.  Similar motions are pending in the Nevada action.

either present no live cases or controversy or are premature. The DTC defendants argue that this court lacks personal jurisdiction over them for lack of minimum contacts with the district of Nebraska.

In response to the defendants' motions, the plaintiffs generally agree with the defendants' "first-filed rule" argument, but contend the action should be transferred and consolidated with the pending Nevada action rather than dismissed. They also argue that both the Nevada and Nebraska federal courts have subject matter and personal jurisdiction over their claims. In its sur-reply brief, the plaintiffs appear to concede that filing in this court was improvident. Plaintiffs state "[b]ut for the erroneous opinion of the magistrate in Nevada [later reversed by the district court], plaintiffs would not have refiled in Nebraska." Filing No. 34, Motion at 1, n.1.

The record shows that China Energy Corporation ("CEC") filed a complaint in Nevada state court against Michael Sammons and others, seeking either declaratory relief or a determination of its stock value. *CEC v. Hill*, Docket ("Dkt.") No. 2, Petition for Removal, Ex. 1, State Court Summons/Complaint.[2] CEC seeks a declaration that certain shareholders including the plaintiffs in this action had not properly dissented to a stock split. *Id.* at 2. That action was removed by Michael Sammons, plaintiff herein, to the United States District Court for the District of Nevada on October 8, 2013. *Id.,* Filing No. 2; *see* Document 226, Order at 1-2. The Sammonses filed a Third-Party Complaint in the Nevada action against the DTC defendants, and COR. *See id.*, Dkt. Nos. 116 & 128. In that pro se complaint, the Sammonses allege that the DTC defendants and

---

[2] These citations are gleaned from the federal courts' PACER service, but copies of most relevant filings in the Nevada action have also been filed as exhibits in this court. See Filing No. 26, Index of Evid., Index of Evid., Exs. 1 – 28; Filing No. 33, Index of Evid., Exs. 1 – 4.

COR vitiated their ability to dissent to CEC's stock split and, in so doing, breached a contract, breached fiduciary duties, and were negligent. *Id.*, Filing No. 226, Order at 2. Those are essentially the same allegations that the plaintiffs make herein. *See* Filing No. 1, Complaint. The Sammonses moved for leave to file a third-party complaint in the Nevada action on November 13, 2013, and leave was granted on January 22, 2014. *CEC v. Hill*, Dkt No. 54, Motion; Dkt. No. 115, Order. The original third-party complaint in the Nevada action was filed on January 22, 2014, and the first amended third-party complaint was filed on January 29, 2014. *Id.*, Dkt. No. No. 116, Third-Party Complaint; Dkt. No. 128. The complaint in this case was filed on April 28, 2014. Filing No. 1, Complaint.

In denying COR's motion to dismiss the plaintiffs' third-party claim in the Nevada action, the Nevada district court found that the Sammonses third-party complaint involved the same loss that would arise from CEC's complaint and held that the Sammonses had properly impleaded the third-party defendants. *Id.*, Filing No. 226, Order at 5-6. Further, in correspondence to the judge in the Nevada action, the Sammonses stated that the present "identical lawsuit" had been filed in this district in anticipation of a finding by the Nevada court that jurisdiction did not exist. *See id.*, Dkt. No. 247, Letter dated Aug. 13, 2014. The Sammonses motion for partial summary judgment, substantively identical to that filed herein, remains pending in the Nevada action. *See id.*, Dkt. No. 71, 229, Motion. By order dated August 18, 2014, the district court in Nevada noted that it "anticipates ruling on Plaintiff's Motion for Partial Summary Judgment (Dkt. no. 71) by the end of September 2014." *Id.*, Dkt. No. 248, minute order.

I. LAW

Under the "first to file rule," where two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case. *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir.1985). Absent compelling circumstances, "'the court initially seized of a controversy should be the one to decide the case.'" *Id.* (quoting *Merrill Lynch, Pierce, Fenner & Smith v. Haydu,* 675 F.2d 1169, 1174 (11th Cir. 1982); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . the general principle is to avoid duplicative litigation."). This rule recognizes the comity concerns between coequal federal courts and promotes efficient use of judicial resources by authorizing a latter-filed, substantially similar action's stay or dismissal in deference to an earlier case. *Orthmann*, 765 F.2d at 121.

The first-filed rule "is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice." *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993). However, "[t]he prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply." *Id.* A federal district court has discretion to dismiss, stay, or transfer a case to another district court under the "first-to-file rule." See *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 629 (9th Cir. 1991). "[W]here the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed." *Id.* "A plaintiff 'should not be' allowed to 'litigate the same issue at the same time in more than one federal court.'" *Blakely v. Schlumberger Tech. Corp.*, 648 F.3d 921, 932

4

(8th Cir. 2011) (quoting *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 279 (7th Cir. 1988) (dismissing duplicative claims).

The court finds that the most efficient use of judicial resources would be to dismiss this action. Based upon the Nevada district court's denial of defendant COR's motion to dismiss in the Nevada action, the court finds there is little likelihood that the action against the other defendants will be dismissed.[3] The plaintiffs appear to concede that their interests can properly be protected in the Nevada action. A transfer is not necessary because both actions involve the same parties and issues and the actions are substantively identical.[4] Transfer of the case would result in duplicative litigation. The action in Nevada has over 400 docket entries. The court sees no reason to further complicate the matter. Accordingly, the court finds the defendants' motions to dismiss should be granted. In light of this disposition, the court need not address the defendants' other arguments. Accordingly,

IT IS ORDERED that:

1. Plaintiffs' motions for partial summary judgment (Filing No. 6 & Filing No. 8) are denied as moot.

2. Defendant COR Clearing's motion to dismiss (Filing No. 24) is granted.

3. Defendants Cede & Co.'s and The Depository Trust Company's motion to dismiss (Filing No. 27) is granted.

---

[3] In any event, the plaintiffs will not be harmed by a dismissal without prejudice.

[4] Contrary to the plaintiffs' assertion in their responses to the motions to dismiss, Filing No. 30 and Filing No. 31, that the Nebraska action contains an additional claim for breach of contract, the record shows the plaintiffs asserted a similar breach of contract claim in the Nevada action. *See* Nevada action, Filing No. 128, First Amended Third-Party Complaint at 11. In addition, the plaintiffs would arguably be granted leave to amend the complaint in the Nevada action should a necessity arise.

4. This action is dismissed without prejudice.

DATED this 16th day of September, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge